**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

---

JOSE ENCARNACION,

Plaintiff,

-against-

NEW ESTRELLA MINIMARKET CORP.
(d/b/a NEW ESTRELLA MINIMARKET),
ANGEL ELION PUJOL HERNANDEZ, and
ANGEL PUJOL,

Defendants.

---

**Case No. 7:26-cv-00974-KMK**

**~~[PROPOSED]~~ FINDINGS OF FACT AND CONCLUSIONS OF LAW**

The Court, having reviewed Plaintiff Jose Encarnacion's Motion for Default Judgment, the supporting Declaration of Lina Stillman, Esq. and the exhibits thereto, the accompanying Memorandum of Law, the record in this action, and Defendants having failed to appear, answer, or otherwise defend, makes the following findings of fact and conclusions of law pursuant to Federal Rule of Civil Procedure 55(b)(2) and the Individual Rules of Practice for Default Judgment Proceedings before the Honorable Kenneth M. Karas:

**FINDINGS OF FACT**

1. Plaintiff Jose Encarnacion was employed at New Estrella Minimarket from on or about October 25, 2023 through on or about September 7, 2025, a period of approximately ninety-two (92) weeks.

2. Defendant New Estrella Minimarket Corp. is a New York domestic business corporation that operates a minimarket and deli under the assumed name "New Estrella Minimarket."

Case 7:26-cv-00974-KMK Document 15-2 Filed 04/30/26 Page 2 of 6

3. Defendants Angel Elion Pujol Hernandez and Angel Pujol are owners, officers, and/or principals of New Estrella Minimarket Corp. and personally controlled the terms and conditions of Plaintiff's employment, including his hiring, scheduling, supervision, discipline, compensation, and termination.

4. Defendants New Estrella Minimarket Corp., Angel Elion Pujol Hernandez, and Angel Pujol jointly employed Plaintiff and operated as a single integrated enterprise in the deli and retail food business.

5. Throughout his employment, Plaintiff worked six days per week. Under his standard schedule, he worked approximately 58.5 hours per week (from approximately 2:00 p.m. to 11:30 p.m.). During recurring extended-coverage periods—when other workers were on vacation or otherwise absent—Plaintiff worked approximately 68 or 73 hours per week, including shifts running from approximately 7:00 a.m. to 11:00 p.m. (a 16-hour spread of hours per workday).

6. Defendants paid Plaintiff a flat $750.00 per week in cash during weeks of standard scheduling and a flat $875.00 per week in cash during weeks of extended coverage, in either case regardless of the number of hours actually worked. Defendants paid no overtime premium for hours worked beyond forty (40) per week and no spread-of-hours premium for any workday on which the spread of hours exceeded ten.

7. In every workweek, Plaintiff's effective hourly rate (credited weekly cash compensation divided by total hours worked) was below the applicable Westchester County minimum wage: $15.00 per hour through December 31, 2023; $16.00 per hour from January 1, 2024 through December 31, 2024; and $16.50 per hour from January 1, 2025 forward. *See* 12 N.Y.C.R.R. § 146-1.2.

8. Defendants never provided Plaintiff with a wage notice at the time of hiring or at any point thereafter, as required by New York Labor Law § 195(1).

9. Defendants never provided Plaintiff with an accurate wage statement with any payment of wages, as required by New York Labor Law § 195(3).

10. Defendants acted willfully in failing to pay minimum wages, overtime wages, and spread-of-hours pay, and in failing to provide wage notices and accurate wage statements.

11. Plaintiff commenced this action on February 5, 2026 (ECF No. 4). Summonses were issued on February 6, 2026 (ECF No. 7).

12. Defendant Angel Elion Pujol Hernandez was properly served on February 11, 2026 pursuant to Fed. R. Civ. P. 4(e)(1) and N.Y. C.P.L.R. § 308(2) (ECF No. 9). His answer was due on or before March 4, 2026.

13. Defendant Angel Pujol was properly served on February 11, 2026 pursuant to Fed. R. Civ. P. 4(e)(1) and N.Y. C.P.L.R. § 308(2) (ECF No. 10). His answer was due on or before March 4, 2026.

14. Defendant New Estrella Minimarket Corp. was properly served on February 19, 2026 by delivery to Nancy Early, the corporation's Authorized Agent, pursuant to Fed. R. Civ. P. 4(h)(1)(B) (ECF No. 11). Its answer was due on or before March 12, 2026.

15. No Defendant has appeared, answered, moved, or otherwise defended this action. No extension of time has been requested or granted. The Clerk of Court has entered the default of each Defendant under Federal Rule of Civil Procedure 55(a).

Case 7:26-cv-00974-KMK Document 15-2 Filed 04/30/26 Page 4 of 6

16. None of the Defendants is an infant, an incompetent person, or a person in the military service of the United States within the meaning of the Servicemembers Civil Relief Act, 50 U.S.C. § 3931.

17. No part of the damages, interest, or fees sought in Plaintiff's motion has been paid by any Defendant.

18. Plaintiff served this Motion on each Defendant by certified mail, return receipt requested, pursuant to Local Civil Rule 55.2(c).

**CONCLUSIONS OF LAW**

19. The Court has subject-matter jurisdiction under 28 U.S.C. § 1331 and 29 U.S.C. § 216(b), and supplemental jurisdiction over Plaintiff's New York Labor Law claims under 28 U.S.C. § 1367. Venue is proper in this District under 28 U.S.C. § 1391(b).

20. Defendants collectively are "employers" of Plaintiff within the meaning of the FLSA, 29 U.S.C. § 203(d), and the NYLL, N.Y. Lab. Law §§ 190(3), 651(6). *See Irizarry v. Catsimatidis*, 722 F.3d 99, 104–05 (2d Cir. 2013); *Herman v. RSR Sec. Servs. Ltd.*, 172 F.3d 132, 139 (2d Cir. 1999).

21. Defendants are joint employers and are jointly and severally liable for all amounts awarded herein. *See Juarez v. 449 Rest., Inc.*, 29 F. Supp. 3d 363, 367 (S.D.N.Y. 2014).

22. Plaintiff is entitled to be paid the applicable Westchester County minimum hourly wage for each hour worked up to forty per week, and overtime compensation at one and one-half times his regular rate of pay (or, where as here the credited compensation produces an effective rate below minimum wage, at one and one-half times the applicable minimum wage) for all hours worked in excess of forty per workweek. 29 U.S.C. §§

Case 7:26-cv-00974-KMK Document 15-2 Filed 04/30/26 Page 5 of 6

206(a), 207(a)(1); N.Y. Lab. Law §§ 160, 652; 12 N.Y.C.R.R. §§ 142-2.2, 146-1.2, 146-1.4. Defendants violated these provisions.

23. Plaintiff is entitled to spread-of-hours pay equal to one additional hour at the basic minimum hourly wage for each workday on which the spread of hours exceeded ten. 12 N.Y.C.R.R. § 146-1.6. Defendants violated this provision in connection with each workday during the extended-coverage weeks.

24. Defendants' violations were willful within the meaning of 29 U.S.C. § 255(a) and N.Y. Lab. Law §§ 198(1-a), 663(1). *See McLaughlin v. Richland Shoe Co.*, 486 U.S. 128, 133 (1988).

25. Defendants violated NYLL § 195(1) by failing to provide Plaintiff a wage notice, and NYLL § 195(3) by failing to provide accurate wage statements. Plaintiff has adequately alleged a concrete downstream injury-in-fact attributable to those violations. *See Guthrie v. Rainbow Fencing Inc.*, 113 F.4th 300, 308–09 (2d Cir. 2024).

26. No evidentiary inquest is required. Damages are computed arithmetically from admitted numerical inputs and statutorily fixed amounts; no credibility determinations are necessary. *Fustok v. ContiCommodity Servs., Inc.*, 873 F.2d 38, 40 (2d Cir. 1989); *Transatlantic Marine Claims Agency, Inc. v. Ace Shipping Corp.*, 109 F.3d 105, 111 (2d Cir. 1997).

27. Plaintiff is awarded the following damages and fees against Defendants, jointly and severally:

Case 7:26-cv-00974-KMK Document 15-2 Filed 04/30/26 Page 6 of 6

(a). Unpaid wages of $38,590.63, comprising minimum-wage and overtime underpayments of $36,175.63 and spread-of-hours pay of $2,415.00, under N.Y. Lab. Law § 198(1-a) and 12 N.Y.C.R.R. §§ 146-1.2, 146-1.4, 146-1.6;

(b). Liquidated damages of $38,590.63 under N.Y. Lab. Law § 198(1-a);

(c). Statutory damages of $5,000.00 under N.Y. Lab. Law § 198(1-b) for violation of § 195(1);

(d). Statutory damages of $5,000.00 under N.Y. Lab. Law § 198(1-d) for violation of § 195(3);

(e). Prejudgment interest of $5,775.91, calculated at 9% per annum on the unpaid wages from the midpoint of Plaintiff's employment (September 30, 2024) through May 30, 2026, with interest continuing to accrue at the rate of $9.52 per day through the date of entry of judgment. *See* N.Y. C.P.L.R. §§ 5001, 5004; and

(f). Reasonable attorneys' fees of $2,000.00 for the default motion, pursuant to 29 U.S.C. § 216(b) and N.Y. Lab. Law §§ 198(1-a), 663(1).

28. Plaintiff is further entitled to post-judgment interest at the rate set by 28 U.S.C. § 1961(a), accruing from the date of entry of judgment until paid in full. *Schipani v. McLeod*, 541 F.3d 158, 165 (2d Cir. 2008).

**SO ORDERED.**

Dated: White Plains, New York
July 8, 2026

HON. KENNETH M. KARAS
United States District Judge